UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------
PRACTICAL FLASHLIGHT CO., LTD.,

                    Plaintiff,

      - against -

BLACKBEAM LLC A/K/A BLACKFIRE,

                    Defendants.
---------------------------------------------------------------------------

**Case No.**

**COMPLAINT**

Plaintiff, PRACTICAL FLASHLIGHT CO., LTD. ("Practical" or "Plaintiff"), by and through its attorney, LAW OFFICE OF YURIY MOSHES, P.C., for its Complaint against Defendants Blackbeam LLC a/k/a Blackfire ("Blackbeam") (hereinafter "Defendant"), upon information and belief, hereby complain as follows:

## NATURE OF THE ACTION

1. This action seeks to collect money owed by Defendant under written contracts for: 1) goods ordered, manufactured, shipped and received by Defendant; and 2) for goods ordered, manufactured, prepared for shipment but not shipped because Defendants unreasonably withheld shipment details from Practical. Defendants' tortious conduct has harmed and continues to harm Practical's business.

## PARTIES

2. Practical Flashlight Co., LTD. is a company from Thailand with its principal place of business in Bangna, Bangkok. Practical is a manufacturer of flashlights.

3. Blackbeam LLC a/k/a Blackfire is a corporation organized under the laws of the State of New York with its principal place of business in New York, New York. Blackbeam develops, designs and sells flashlights and related equipment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Plaintiff is a resident of Thailand and Defendant is incorporated in New York, with their primary place of business in New York. The amount in controversy exceeds the jurisdictional minimum.

5. The minimum contacts required by *International Shoe Co. v. Washington*, 326 U.S. 310 (U.S. 1945) and its progeny are easily satisfied here. The Defendant here does substantial amounts of business in New York and has done so for many years.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## MATERIAL FACTS

7. In 2009 Defendant solicited the services of Practical to manufacture its flashlights for sale and distribution around the world in countries including United States, Canada, Japan, Europe and South Africa.

8. On or about May 22, 2009, Practical and Defendant entered into a non-exclusive Manufacturing Agreement (hereinafter "Agreement") whereby Practical undertakes to manufacture all products in accordance with the orders placed by Defendant.

9. The agreement stipulates that each order constitutes a separate contract between Practical and Defendant and shall be governed by the terms of the Agreement.

10. At all times relevant, Plaintiff and Defendant operated their relationship under the

Agreement and the following process:

a. Receipt by Practical from Defendant a Purchase Order which includes detailed information about the description of the product to be manufactured, quantity of order, cost per unit, total cost, terms of payment, ship to location and the due date;

b. Receipt by Defendant from Practical a Sales Order which acknowledges and confirms buyer's information, proposed ship details, order number, order date, customer code, payment terms, item code, item description with detailed specifications, quantity of order, cost per unit, total cost, bank information for Practical, signature of authorized party of Practical and a signature block for an authorized party of Defendants;

c. Practical undertakes to manufacture and ship the Order unless otherwise informed by Defendant in writing; and

d. If the exact delivery address is not known by Defendant as of the date of the Order, such relevant details would be supplied to Practical as soon as reasonably possible.

11. Between 2009 and 2013 Practical manufactured and shipped over 2.2 million units and fulfilled over 100 orders for Defendant using the above method.

12. Between 2009 and 2013 Defendant made timely payments on all purchase and sales orders.

13. However, on or about December 8, 2012, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 72 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B055/12 confirming Defendant's order. Because Defendant did not object to the Sales Order

in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendant has breached this contract as invoice E004/15, dated 02/26/2015, remains due and outstanding for P.O. No. 72, totaling $3,239.78.

14. On or about November 27, 2013, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 118 to Practical.  Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B052/13 confirming Defendant's order.  Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendant has breached this contract as invoices:  1) E004/15, dated 02/26/2015; 2) E042/14, dated 12/11/2014; 3) E044/14, dated 12/24/2014; and 4) E033/14, dated 10/15/2014, remain due and outstanding for P.O. No. 118, totaling $73,460.21.

15. On or about August 1, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 153 to Practical.  Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B037/14 confirming Defendant's order.  Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendants have breached this contract as invoices:  1) E004/15, dated 02/26/2015; 2) E042/14, dated 12/11/2014; 3) E043/14, dated 12/18/2014; 4) E044/14, dated 12/24/2014; and 5) E001/15, dated 02/05/2015, remain due and

outstanding for P.O. No. 153, totaling $133,302.14.

16. On or about September 15, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 164 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B047/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoices: 1) E004/15, dated 02/26/2015; 2) E043/14, dated 12/18/2014; and 3) E001/15, dated 02/05/2015, remain due and outstanding for P.O. No. 164, totaling $103,425.00.

17. On or about November 3, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 169 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B050/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoices E004/15, dated 02/26/2015 and E044/14, dated 12/24/2014, remain due and outstanding for P.O. No. 169, totaling $48,939.12.

18. On or about January 5, 2015, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 174 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B003/15 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way,

Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E004/15, dated 02/26/2015, remains due and outstanding for P.O. No. 174, totaling $6,129.00.

19. On or about April 6, 2013, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 92 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B020/13 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E001/15, dated 02/05/2015, remains due and outstanding for P.O. No. 92, totaling $955.68.

20. On or about November 27, 2013, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 119 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B056/13 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E043/14, dated 12/18/2014, remains due and outstanding for P.O. No. 119, totaling $10,739.71.

21. On or about February 26, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 126 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B015/14

6

confirming Defendant's order.  Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendant has breached this contract as invoices E033/14, dated 10/15/2014 and E001/15, dated 02/05/2015, remain due and outstanding for P.O. No. 126, totaling $31,205.25.

22. On or about March 14, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 127 to Practical.  Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B008/14 confirming Defendant's order.  Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendant has breached this contract as invoices E033/14, dated 10/15/2014 and E001/15, dated 02/05/2015, remain due and outstanding for P.O. No. 127, totaling $27,614.40.

23. On or about March 18, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 131 to Practical.  Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B055/14 confirming Defendant's order.  Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms.  Defendant accepted the shipment upon arrival with no objection.  Defendant has breached this contract as invoices:  1) E001/15, dated 02/05/2015; 2) E002/15, dated 01/16/2015; and 3) E003/15, dated 01/16/2015, remain

due and outstanding for P.O. No. 131, totaling $42,282.86.

24. On or about May 19, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 142 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B024/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E001/15, dated 02/05/2015, remains due and outstanding for P.O. No. 142, totaling $19,797.60.

25. On or about June 16, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 143 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B028/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E033/14, dated 10/15/2014, remains due and outstanding for P.O. No. 143, totaling $3,391.38.

26. On or about July 17, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 150 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B031/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with

no objection. Defendant has breached this contract as invoice E033/14, dated 10/15/2014, remains due and outstanding for P.O. No. 150, totaling $40,983.00.

27. On or about November 17, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 170 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B051/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoice E043/14, dated 12/18/2014, remains due and outstanding for P.O. No. 170, totaling $58,700.00.

28. On or about November 17, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 171 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B052/14 confirming Defendant's order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and ship the units stipulated to within the Purchase and Sales Order forms. Defendant accepted the shipment upon arrival with no objection. Defendant has breached this contract as invoices E001/15, dated 02/05/2015 and E042/14, dated 12/11/2014, remain due and outstanding for P.O. No. 171, totaling $56,106.00.

29. Additionally, Invoice No. 007/15, dated May 18, 2015, for $53.04, Invoice No. 008/15, dated May 18, 2015, for $26.52, Invoice No. 009/15, dated July 13, 2015, for $106.08, Invoice No. 011/15, dated August 25, 2015, for $39.78, and Invoice No.

012/15, dated August 25, 2015, for $92.96 remain outstanding for five sample shipments requested by Defendant, totaling $318.38.

30. As of the date of this action, Defendant has breached the above contracts and a $660,589.51 balance remains for orders for which deliver was accepted with no objection by Defendants.

31. On or about November 27, 2013, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 121 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B005/14 confirming Defendants' order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and prepare the units for shipment as stipulated to within the Purchase and Sales Order forms. However, Defendant failed to provide shipment information for this order with said items currently remaining in Practical's warehouse. Defendant has breached this contract and the units from this order remain in Practical's warehouse packed and ready for shipment. The total outstanding amount owed on this order is $63,217.92.

32. On or about January 5, 2015, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 172 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B004/15 confirming Defendants' order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and prepare the units for shipment as stipulated to within the Purchase and Sales Order forms. However, Defendant failed to provide shipment information for this order with said items currently remaining in Practical's warehouse. Defendant has breached this contract and the units from this order remain

in Practical's warehouse packed and ready for shipment. The total outstanding amount owed on this order is $56,477.40.

33. On or about July 3, 2015, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 182 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B019/15 confirming Defendants' order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and prepare the units for shipment as stipulated to within the Purchase and Sales Order forms. However, Defendant failed to provide shipment information for this order with said items currently remaining in Practical's warehouse. Defendant has breached this contract and the units from this order remain in Practical's warehouse packed and ready for shipment. The total outstanding amount owed on this order is $33,638.24.

34. On or about February 26, 2014, Defendant incurred a contractual obligation by sending a Purchase Order with P.O. No. 126 to Practical. Practical accepted said Purchase Order and generated a Sales Order with Order No. BKP-B015/14 confirming Defendants' order. Because Defendant did not object to the Sales Order in any way, Practical proceeded to manufacture and prepare the units for shipment as stipulated to within the Purchase and Sales Order forms. However, Defendant failed to provide shipment information for this order with said items currently remaining in Practical's warehouse. Defendant has breached this contract and the units from this order remain in Practical's warehouse packed and ready for shipment. The total outstanding amount owed on this order is $11,394.97.

35. As of the date of this action, Defendant has breached the above contracts and a

$164,728.53 balance remains for the above orders still being held in inventory by Practical.

36. At no time did Defendant reject the manufactured products or otherwise communicate to Practical that the manufactured products were unacceptable or to be replaced.

37. As of the date of this action, Defendant has failed to make payments under all of the above prior contracts.

## AS A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

39. At all times relevant to the allegations in this Complaint, there existed among the parties valid, binding and enforceable contracts between the parties under the Agreement for every order placed by Defendant with Plaintiff.

40. Plaintiff performed their obligations under the contracts at all times. Specifically, Plaintiff manufactured tens of thousands of products ordered by Defendant. Defendant either accepted shipment of the manufactured products or wrongfully failed to provide the required shipment information to Plaintiff. Plaintiff continues to hold these products in their warehouse.

41. By failing to pay for the manufactured products—both the ones Defendant accepted delivery of and the ones being stored by Plaintiff in their warehouse—Defendant has materially breached and continues to breach the contracts.

42. As a result of Defendants' breaches, Plaintiff has been damaged, in addition to interest and costs, in amounts to be proven at trial totaling no less than $660,589.51 for the products Defendant accepted shipment for; a loss of more than $164,728.53

for the products Defendant has wrongfully not arranged shipment of; and consequential damages related to storage and other expenses.

## AS A SECOND CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>
## <u>ANTICIPATORY REPUDIATION</u>

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

44. At all times relevant to the allegations in this Complaint, there existed among the parties valid and enforceable contracts.

45. Plaintiff performed their obligations under the contracts at all times. Specifically, Plaintiff manufactured tens of thousands of products ordered by Defendant. Defendants either accepted shipment of the manufactured products or wrongfully failed to provide the required shipment information to Plaintiff. Plaintiff remains ready, willing, and able to continue to perform in the same way on the terms the parties had agreed to.

46. Under the contracts, Defendant was obliged to pay for all manufactured products within 60-80 days after delivery. The contracts provided no basis for the Defendant to reject the products currently being held in inventory by Plaintiff in their warehouse.

47. At no time did Defendant reject the manufactured products or otherwise communicate to Plaintiff that the manufactured products were defective or unacceptable.

48. By wrongfully repudiating its contractual obligation to accept and pay for the products manufactured by Plaintiff, Defendant has materially breached the contracts.

49. Plaintiff is incurring damages due to loss of the benefit of the bargain of the contracts, to the extent that they lack purchasers for products they now have in inventory.

50. In reliance on the contracts, Plaintiff made capital investments to help produce the products.

51. Plaintiff is incurring damages to the extent that they continue to store the inventory in their warehouse.

52. Plaintiff is entitled to an award of full compensatory damages, including lost profits, reliance damages, consequential damages, interest, and costs, in an amount to be proven at trial well in excess of $1 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Awarding monetary damages to Plaintiff for Defendants' breaches of the purchase order contracts, accrued and owing as of the date of this action;

B. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

C. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper.

Dated: Brooklyn, New York
       February 16, 2017

                                      **LAW OFFICE OF YURIY MOSHES, P.C.**

                        By:    /s/ Yuriy Moshes
                               Yuriy Moshes (YM1982)
                               *Attorneys for Plaintiff*
                               517 Brighton Beach Ave, 2nd FL
                               Brooklyn, NY 11235
                               Phone: (888) 445-0234
                               Fax: (646) 843-7570
                               E-mail: ymoshes@mosheslaw.com